526 P.2d 1094

Frank A. MIKESELL, Plaintiff-Appellant,

v.

IDAHO TITLE & TRUST COMPANY,
Defendant-Respondent.

No. 11473.

Supreme Court of Idaho.

Sept. 25, 1974.

Alvin Denman, of Denman, Reeves & Ohman, Idaho Falls, for plaintiff-appellant.

John Ferebauer, Idaho Falls, for defendant-respondent.

PER CURIAM.

On December 6, 1961, plaintiff-appellant, Frank A. Mikesell sold a parcel of real property to Vira C. Evans for $2,600.00. Mrs. Evans deposited this amount in escrow with defendant-respondent Idaho Title and Trust Company. On December 11, 1961, the respondent title company, after paying taxes and title insurance, sent a check in the amount of $1,066.80 to the appellant; this left in escrow exactly $1,000.-00 of the original $2,600.00. This $1,000.00 remained on deposit from 1961 until 1972, when the respondent paid it to the City of Idaho Falls in partial satisfaction of an assessment of $1,031.00 for improvements to Wabash Avenue, which adjoined the property sold by the appellant to Mrs. Evans in 1961. The appellant made no demand for these funds until February of 1972, shortly before payment was made by the respondent to the city.

At trial the plaintiff introduced no evidence other than his request for admissions under Rule 36(a), to which the defendant had failed to respond. The trial magistrate's dismissal of the plaintiff's action was affirmed by the district court, and the plaintiff has appealed to this court.

The appellant admits that at the time of sale he and Mrs. Evans agreed that $1,000.00 was to be retained to pay for the paving and improvement of Wabash Avenue; but the appellant asserts that at the

time of this agreement, he and Mrs. Evans anticipated that Wabash Avenue would be improved within a year and not some ten years later. The respondent claims that in retaining this $1,000.00 for ten years and paying it to the city in 1972, it was acting pursuant to instructions received by it when the proceeds of sale were deposited in escrow in 1961.

The record before this court contains absolutely no evidence to show that the escrow instructions received by the respondent title company contained any stipulation to the effect that the $1,000.00 to be held by it was to be expended only for improvements made within a year of sale. The appellant's position is that he personally gave no escrow instructions at all to the respondent. The appellant admits that his attorney may have given the respondent a letter instructing the respondent to do exactly what it did with the $1,000.00 deposit. On this record, the appellant has failed to show any breach of duty on the part of the respondent, and the judgment of dismissal was therefore properly rendered by the district court.

Judgment affirmed. Costs to respondent.